# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:11-cv-00562

| | | |
|---|---|---|
| VANIA SMALLWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**THIS MATTER** is before the court on review of  the Commisisoner's Motion to Dismiss for Want of Prosecution.  Review of the pleadings reveals that plaintiff had unti;l April 13, 2012, to file her Motion for Sumamry Judgment , but failed to do so.  The Commisioner has now moved to dismiss the action for want of prosecution under Rule 41(b), Federal Rule of Civil Procedure.  Such rule provides for involuntarily dismissal of  an action"[f]or failure of the plaintiff . . . to comply with rules or any order of court."   The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." <u>McCargo v. Hedrick</u>, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. <u>Id.</u> First, the court must consider the "degree of personal responsibility on the part of the plaintiff." <u>Id.</u> Second, it must determine the "amount of prejudice to the defendant." <u>Id.</u> Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." <u>Id.</u> Finally, the court must consider whether

"sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

Plaintiff is advised that unless she complies with the Pretrial Order by filing a "Motion for Summary Judgment" with the court by January 18, 2013, the court will dismiss her action for failure to prosecute.

ORDER

IT IS, THEREFORE, ORDERED that plaintiff file her Motion for Summary Judgment not later than January 18, 2013; failure to do so may result in summary dismissal of this action.

Signed: January 3, 2013

Max O. Cogburn Jr.
United States District Judge

---

[1]     Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.